CORNELIA G. FESSENDEN and MARY F. HOLLIS, In Equity,

*vs.*

MADELINE E. COOMBS and LAURA IRENE COOMBS, and LILLIAN E.
TOBEY, Guardian of said MADELINE B. COOMBS and
LAURA IRENE COOMBS.

Androscoggin. Opinion February 15, 1917.

*Construction of Wills. General rule to be adopted. Meaning of word "also."*

1. After a careful study of the evidence and considering the bill, answer, and will, in view of the added words, the character of the property comprehended by such words, the uses to which the property could be put, its former use and association, we conclude that the words interlined were intended to modify and change the character of the first sentence, and not the second, and that the word 'also' as found in the clause means 'in addition to.'"

2. It is evident that the testator used the word 'also' in that sense in the first instance and there has been no reason advanced, nor can we find any reason for holding, that the testator had any other intention in relation to the last sentence. The fee to the real estate described in said last sentence passed to William C. Coombs.

Bill in equity asking for the construction of the will of Marcia G. Coombs, and especially paragraph six of said will. The cause was heard upon bill, answer and proof. Questions of law of sufficient importance to justify the same having arisen, the case, by agreement of the parties, is reported to the Law Court, to be determined upon the bill, answer, will, and so much of the admitted facts and evidence as is legally admissible. *Held*, that the fee to the real estate described in the second and last sentence of paragraph six passed to William C. Coombs. Decree accordingly.

Case is stated in opinion.

*Ralph W. Crockett*, for plaintiffs.

*Oakes, Pulsifer & Ludden*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

HANSON, J. Bill in equity asking for the construction of the will of Marcia G. Coombs, late of Lisbon Falls. On report.

Clause six is the only one involved in the question presented. As originally written it was as follows:

"Sixth:—I give and devise to my son William C. Coombs the homestead on the Easterly side of Main Street occupied by me and the lot. Also the lot on the Easterly side of Main Street, in Lisbon Falls between the land of Lisbon Falls Realty Company and the land of Paul J. Risska with the barber shop thereon subject however to the payment to Cornelia G. Fessenden and Mary F. Hollis of Lisbon each the sum of $2.50 per month so long as said shop is used as a barber shop."

Before the will was executed there was interlined between the first and second sentences, the words, "and furniture during his natural life then to Cornelia G. Fessenden and Mary F. Hollis," making the clause thus changed to read as follows:—

"Sixth:—I give and devise to my son William C. Coombs, the homestead on the Easterly side of Main street occupied by me and the lot, and furniture during his natural life then to Cornelia G. Fessenden and Mary F. Hollis. Also the lot on the Easterly side of Main Street, in Lisbon Falls between land of Lisbon Falls Realty Company and land of Paul J. Risska with the barber shop thereon

subject however to the payment to Cornelia G. Fessenden and Mary F. Hollis of Lisbon each the sum of $2.50 per month so long as said shop is used as a barber shop."

The parties are in agreement as to the effect of the interlineation upon the first sentence of the clause,—that the interest of William C. Coombs was changed from a fee to a life estate, but are not in agreement as to its effect upon the second sentence of that clause.

The plaintiffs contend that the interlineation affected both sentences alike, and urge that giving to the word "also" its intended meaning, that is, to hold that it means "in like manner," that the entire clause would be affected by the addition, and that William C. Coombs would have but a life interest in any of the property.

The defendants' counsel takes the opposite view and we think his position is well sustained. Before the interlining there could have been no question raised as to the meaning of the testator. That the addition changed the first sentence is not questioned. Did it change the second and last sentence of the clause?

After a careful study of the evidence, and considering the bill, answer, and will, in view of the added words, the character of the property comprehended by such words, the uses to which the property could be put, its former use and association, we conclude that the words interlined were intended to modify and change the character of the first sentence, and not the second, and that the word "also" as found in the clause, means "in addition to."

It is evident that the testator used the word "also" in that sense in the first instance, and there has been no reason advanced, nor can we find any reason for holding, that the testator had any other intention in relation to the last sentence. The fee to the real estate described in said last sentence passed to William C. Coombs. *Loring v. Hayes,* 86 Maine, 351.

*Decree accordingly.*